UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONALD BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-2145-EFM |
| | ) | |
| MISSION CHATEAU, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court on the motion of the Kansas Department for Aging & Disability Services to quash a subpoena served by defendant (ECF No. 20). The motion is denied because it has been filed in the wrong court. Under Fed. R. Civ. P. 45(d)(3)(A), a motion to quash a subpoena must be filed in "the district where compliance is required."[1] The subpoena commanded the Kansas Department for Aging & Disability

---

[1] *See also* Rule 45(d)(1) (court for the district where compliance is required must enforce the issuer's duty to take steps to avoid imposing undue burden); Rule 45(d)(3)(B) (court for the district where compliance is required may, on motion, quash or modify a subpoena in certain instances); Rule 45(e)(2)(B) (a party who receives information produced in response to a subpoena over which a claim of privilege is asserted may present the information under seal to the court for the district where compliance is required for a determination of the claim); Rule 45(g) (providing for a finding of contempt for failure to comply with a subpoena by the court for the district where compliance is required).

Services to produce documents in Kansas City, Missouri.[2]  Because the place of compliance (i.e., Kansas City, Missouri) is not in the District of Kansas, this court cannot quash the subpoenas or otherwise provide the relief requested.  As such, the motion to quash the subpoena is denied without prejudice to refiling in the district where compliance is required. The court notes that Rule 45(f) permits the court where compliance is required to transfer a motion to quash a subpoena to this "issuing court" "if the person subject to the subpoena consents or if the [compliance] court finds exceptional circumstances."  This court would accept such a transfer in this case.

    IT IS SO ORDERED.

    Dated February 9, 2022, at Kansas City, Kansas.

    s/ James P. O'Hara
    James P. O'Hara
    U.S. Magistrate Judge

---

[2] ECF No. 20 at 6.