IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **RONALD BAKER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) ) (District of Kansas Case No.: ) 2:21-cv-02145-EFM-JPO) ) |
| **MISSION CHATEAU, L.L.C., TUTERA SENIOR LIVING & HEALTH CARE, L.L.C., TUTERA HEALTH CARE SERVICES, L.L.C., and TUTERA GROUP, INC.** | ) ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFF RONALD BAKER'S MOTION TO QUASH SUBPOENA, WITH SUPPORTING SUGGESTIONS

Plaintiff Ronald Baker, pursuant to Fed. R. Civ. P. 45 and Local Rule 7, submits the following Motion to Quash Subpoena to Plaintiff's subsequent employer Oasis AHR, LLC. Plaintiff states the following in support of his Motion.

### INTRODUCTION

This action involves the termination of Plaintiff's employment on or about April 30, 2020, and the events preceding that termination. (Complaint, ¶¶ 16-84, attached hereto as Exhibit A). In his Complaint, Plaintiff states claims for retaliation under Title VII and 42 U.S.C. § 1981 (Count I), race discrimination under Title VII and 42 U.S.C. § 1981 (Count II), and a racially hostile and offensive work environment under Title VII (Count III). (Exhibit A).

1

Subsequent to his termination, Plaintiff obtained new employment, and by May 2021, Plaintiff's income exceeded the amount he had been paid while working for Defendants. (Excerpt from Plaintiff's deposition, attached hereto as Exhibit B).

On November 10, 2021, Defendants took Plaintiff's deposition. (Defendants' Motion to Amend, p. 2, attached hereto as Exhibit C). Defendants represented to the Court, in their Motion to Amend, that at Plaintiff's deposition Defendants learned the following information that was previously unknown to them: that Plaintiff had a prior felony conviction, and that Plaintiff had not disclosed this felony conviction when applying for employment with Defendants. (Exhibit C, p. 2). In their Motion to Amend, Defendants indicated that "[they] did not know of Plaintiff's felony conviction during Plaintiff's employment and, if they had, they would have immediately terminated Plaintiff's employment upon learning of this information." (Exhibit C, p. 2). Defendants indicated that they did not raise this issue prior to the deadline for amendment on September 30, 2021, because they did not know this information prior to that date. (Exhibit C, pp. 1-2). In their Amended Answer, Defendants plead an after-acquired evidence defense. (Amended Answer, p. 34, attached hereto as Exhibit D).

On January 25, 2022, Defendants filed a Notice of Issuance of Subpoenas which identified subpoenas to be issued to three entities: Zack Group (Plaintiff's current employer), Oasis AHR, LLC (Plaintiff's employer after termination by Defendants and prior to Zack Group), and the Kansas Department of Aging and Disability Services (the agency responsible for licensing in Plaintiff's profession). (Notice of Issuance of Subpoenas, attached hereto as Exhibit E). The subpoena directed to Oasis AHR, LLC seeks employment-related documents including license applications and renewals, employment applications, background checks, and criminal record checks. (Exhibit E, p. 12).

The information sought in the identified subpoena is not relevant to any claim or defense at issue in this action. In compliance with Southern Dist. of Iowa Local Rule 7(k), counsel for Plaintiff conferred with defense counsel by telephone in an attempt to resolve this dispute prior to filing this Motion, but counsel for the parties were unable to reach a resolution or compromise. (Certificate of Compliance, attached hereto as Exhibit F). Accordingly, Plaintiff seeks an Order from this Court quashing the subpoena.

## ARGUMENT

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). Kansas Courts have consistently recognized that this provision allows for quashing a subpoena that seeks irrelevant information:

> Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires disclosure of privileged or protected information or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. A subpoena that seeks irrelevant, overly broad, or duplicative discovery causes undue burden, and the trial court may quash it on those bases.

*Ledbetter v. Int'l Ass'n of Machinists & Aerospace Workers*, 2020 WL 6868777, at *4 (D. Kan. Nov. 23, 2020) (internal punctuation omitted); *see also Clark v. Newman Univ., Inc.*, 2021 WL 3286639, at *4 (D. Kan. Aug. 8, 2021); *Martley v. City of Basehor, Kansas*, 2021 WL 1210013, at *6 (D. Kan. March 31, 2021).

While a motion to quash is normally pursued by the party to whom the subpoena is directed, another party to litigation may move to quash if the party has a personal right regarding the information sought in the subpoena. *Clark*, 2021 WL 3286639, at *4. In that regard, Kansas Courts have repeatedly held that a party has a personal right regarding employment-related records that

3

provides a party with standing to quash a subpoena directed to others. *See, e.g., Schumacher v. Hardwoods Specialty Prod., US, LP*, 2019 WL 4689459, at *5 (D. Kan. Sept. 26, 2019); *Smith v. Kansas Pub. Emps. Ret. Sys.*, 2019 WL 1171512, at *3 (D. Kan. March 3, 2019); *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, 2017 WL 1437300, at *1 (D. Kan. April 24, 2017); *Beach v. City of Olathe, Kansas*, 2001 WL 1098032, at *2 (D. Kan. Sept. 17, 2001).

Because the records being sought by subpoena are Plaintiff's employment-related records, Plaintiff has standing to seek an order quashing the subpoena on the basis that the information sought is not relevant to any claim or defense at issue in this action. Furthermore, Plaintiff's motion is timely given that it is filed prior to the February 11, 2022, return date identified in the subpoena at issue. *Wichita Fireman's Relief Ass'n v. Kansas City Life Ins. Co.*, 2011 WL 6304129, at *8 (D. Kan. Dec. 16, 2011) ("'It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.'").

## I. THE INFORMATION BEING SOUGHT BY SUBPOENA IS NOT RELEVANT TO PLAINTIFF'S CLAIMS.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Pursuant to these standards, information is only subject to discovery if it would tend to make a fact that is of consequence to a claim more or less probable. Thus, in order to determine whether the subpoena at issue should be quashed, it is important to consider the elements of the claims at issue: retaliation under Title VII and 42 U.S.C. § 1981 (Count I), race discrimination under Title VII and 42 U.S.C. § 1981 (Count II), and a racially hostile and offensive work environment under Title VII (Count III). (Exhibit A).

The elements of a Title VII retaliation claim and a § 1981 retaliation claim are the same. *Salemi v. Colorado Pub. Employees' Ret. Ass'n*, 747 Fed.Appx. 675, 697 (10th Cir. 2018); *see also Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011). "The elements of a prima facie case of retaliation under Title VII are (1) that the plaintiff 'engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 Fed.Appx. 741, 744 (10th Cir. 2019); *see also Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021).

Each of these elements focuses upon events that occurred while Plaintiff was employed by Defendants. Thus, employment-related records from subsequent employers would have no bearing on any of these elements. The information that Plaintiff put in applications to subsequent employers, and the disclosures that Plaintiff did or did not make to subsequent employers, have no bearing upon whether Plaintiff was retaliated against while working for Defendants. The information that Defendants seek in the subject subpoena is simply irrelevant to the facts that are of consequence to Plaintiff's retaliation claim.

"The elements of a race discrimination claim brought under § 1981 or Title VII are the same. To establish a prima facie case, [a plaintiff] must show that '(1) [he] belongs to a protected class, (2) [he] suffered an adverse employment action, and (3) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.'" *Wilson v. Textron Aviation, Inc.*, 820 Fed.Appx. 688, 692 (10th Cir. 2020) (internal citations omitted).

While Plaintiff's membership in a protected class is a constant, the other elements of this claim all focus upon events that occurred while Plaintiff was employed by Defendants. Thus,

5

information that Plaintiff provided to subsequent employers is not relevant to Plaintiff's claim of racial discrimination.

To establish a hostile work environment claim under Title VII, "'[a plaintiff] must show: '(1) [he] is a member of a protected group; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on race; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.'" *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1170 (10th Cir. 2018) (internal citations omitted).

Once again, while Plaintiff's membership in a protected group is a constant, the other elements of this claim all focus upon events that occurred while Plaintiff was employed by Defendants. And once again, the information that Plaintiff provided to subsequent employers is not relevant to Plaintiff's claim of hostile work environment.

The information that Defendants seek in their subpoena is not relevant to Plaintiff's claims because that information does not tend to make any fact of consequence to those claims more or less probable. All of the information that Defendants seek is focused on disclosures that Plaintiff did or did not make to subsequent employers. But regardless of the disclosures that Plaintiff did or did not make to these entities, that information says nothing pertinent to the elements of Plaintiff's claims against Defendants. In other words, even if Defendants did establish that Plaintiff failed to disclose some fact to a different entity, that has no bearing on Plaintiff's claims against Defendants. The issues for purposes of Plaintiff's claims in this action involve the interactions between Plaintiff and Defendants during the time that Plaintiff was employed by Defendants, and the information sought in the subpoena has no connection to those issues.

## II. THE INFORMATION BEING SOUGHT BY SUBPOENA IS NOT RELEVANT TO ANY DEFENSE IN THIS ACTION.

In assessing whether the information sought in the subpoena is subject to discovery, it is also necessary to consider whether that information might be relevant to any defense raised by Defendants. In reviewing the defenses raised by Defendants, it appears that Defendants are likely seeking the information sought in the subpoena in connection with their after-acquired evidence defense. That is, Defendants have asserted a defense based on their allegation that Plaintiff failed to disclose to Defendants his prior felony conviction, and Defendants are seeking information as to whether Plaintiff might have failed to disclose this information to other entities as well. But even if Plaintiff had failed to disclose his prior felony conviction to other entities, that has absolutely no bearing upon Defendants' after-acquired evidence defense. Furthermore, it appears that this defense is not viable given the facts of this case.

The after-acquired evidence defense derives from the Supreme Court's decision in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995). In *McKennon*, the Court held that in a discrimination case, when the defendant discovers post-termination that the plaintiff engaged in conduct pre-termination that would have warranted termination, that fact can serve to limit the plaintiff's damages in the discrimination action. *Id.* at 359-60. In that regard, the Court recognized that while after-acquired evidence does not bar a claim for discrimination, it "bears on the specific remedy to be ordered." *Id.* at 360.

The Tenth Circuit has described the application of the after-acquired evidence defense as follows:

> Under *McKennon*, information that an employer learns after it has discharged an employee is not relevant to the determination of whether an employer violated Title VII because it necessarily played no role in the actual decision. Nevertheless, if an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the wrongdoing was of such severity that the employee in fact would

7

> have been terminated on those grounds alone if the employer had known of it at the time of the discharge, the employee may not obtain front pay or reinstatement and may also be denied backpay to which she would otherwise be entitled.

*Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 554 (10th Cir. 1999) (internal citations and punctuation omitted). "As a general rule, neither front pay nor reinstatement is an appropriate remedy in these circumstances and back pay may be limited 'from the date of the unlawful discharge to the date the new information was discovered.'" *Housley v. Spirit Aerosystems, Inc.*, 628 Fed.Appx. 571, 575 (10th Cir. 2015).

Pursuant to these authorities, it is clear the after-acquired evidence defense is not an overall defense to a discrimination claim. Rather, it is only a defense that serves to limit the remedies available to the plaintiff. Specifically, this defense may serve as a bar to reinstatement or front pay, and it may serve to limit the back pay that is available as damages. With respect to the limitation on back pay, as *Housley* indicates, the plaintiff is limited to recovering back pay only for the period prior to the defendant's discovery of the new information. Kansas Courts have likewise held that when conduct is discovered during discovery that would have provided a basis for termination, the after-acquired evidence doctrine provides that the plaintiff is only entitled to recover back pay "up to the date of the discovery." *McQueen v. Northrop Grumman Sys. Corp.*, 2021 WL 3164855, at *17 (D. Kan. July 27, 2021); *see also Shaeffer v. Anderson Mgmt. Co.*, 2014 WL 3361756, at *6 (D. Kan. July 9, 2014) (recognizing that the after-acquired evidence defense only serves to bar back pay after the date the new evidence is discovered.).

In this case, Plaintiff is not seeking reinstatement or front pay. And Plaintiff is only seeking back pay up to the time that he obtained a better paying position in May 2021. Defendants concede that they did not discover the information which serves as the basis for their purported after-acquired evidence defense until November 2021. Thus, the after-acquired evidence defense would

8

not serve to limit Plaintiff's claim for back pay. In short, even if Defendants established a factual basis for the after-acquired evidence defense in this case (a questionable proposition), that defense would serve no purpose in this case because Plaintiff is not seeking any remedies that would be limited by that defense.

Because the after-acquired evidence defense has no application in this case, the information that Defendants seek in the subject subpoena is not relevant to any viable defense in this case.

It is also worth noting that even if the after-acquired evidence defense were applicable in this case, the information Defendants seek in the subject subpoena would not be relevant to that defense. The after-acquired evidence defense only applies to conduct that occurred pre-termination, it does not apply to conduct that occurred post-termination. *See, e.g.*, *Andreas v. Gray Cty. Bd. of Commissioners*, 2019 WL 3943167, at *8 (D. Kan. Aug. 21, 2019); *Medlock v. Johnson & Johnson Companies*, 1996 WL 707029, at *4 (D. Kan. Oct. 7, 1996). The information Defendants seek involves disclosures that would have occurred post-termination. Thus, the information Defendants seek in the subpoena is not relevant to the after-acquired evidence defense.

### III. BECAUSE THE INFORMATION BEING SOUGHT BY SUBPOENA IS NOT RELEVANT TO ANY CLAIM OR DEFENSE AT ISSUE IN THIS ACTION, THE SUBPOENA SHOULD BE QUASHED.

As previously noted, a subpoena that seeks information that is not relevant to a claim or defense in the action should be quashed. *See, e.g. Ledbetter*, 2020 WL 6868777, at *4; *Clark,* 2021 WL 3286639, at *4; *Martley*, 2021 WL 1210013, at *6. The information that Defendants seek in the subject subpoena is not relevant to any claim or defense in this action. Accordingly, this Court should issue its Order quashing the subpoena.

**WHEREFORE**, for the reasons stated herein, Plaintiff Ronald Baker seeks an Order of this Court that the subpoena Defendants have directed to Oasis AHR, LLC be quashed and for such further relief as this Court deems appropriate under the circumstances.

    Respectfully submitted,

    By /s/ Melissa C. Hasso
    Melissa C. Hasso  AT0009833
    SHERINIAN & HASSO LAW FIRM
    111 E. Grand Ave., Suite 212
    Des Moines, IA  50309
    Telephone: (515) 224-2079
    Facsimile: (515) 224-2321
    E-mail: mhasso@sherinianlaw.com

    And

    By /s/ Kristi Kingston
    Kristi Kingston   KS 19126, MO 46539
    Employee & Labor Law Group of Kansas City, LLC
    12920 Metcalf Avenue, Suite 180
    PO Box 25843
    Overland Park, KS  66225
    Telephone: (913) 286-5200
    Facsimile: (913) 286-5201
    E-mail: kristi@elgkc.com

    **ATTORNEYS FOR PLAINTIFF**

I hereby certify that a copy of the foregoing was filed on this 8th day of February 2022, with the Clerk of the Court and a copy emailed to:

Michael L. Blumenthal
Linda A. Adeniji
Seyferth Blumenthal & Harris LLC
4801 Main Street, Suite 310
Kansas City, MO 64112
mike@sbhlaw.com
linda@sbhlaw.com

**ATTORNEYS FOR DEFENDANTS**

/s/Melissa Hasso
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| RONALD BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| | ) (District of Kansas Case No.: |
| | ) 2:21-cv-02145-EFM-JPO) |
| | ) |
| MISSION CHATEAU, L.L.C., | ) |
| TUTERA SENIOR LIVING & | ) |
| HEALTH CARE, L.L.C., TUTERA | ) |
| HEALTH CARE SERVICES, L.L.C., | ) |
| and TUTERA GROUP, INC. | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF COMPLIANCE

In compliance with Southern Dist. of Iowa Local Rule 7(k), the undersigned counsel hereby certifies to the Court that she has made reasonable effort to confer with counsel for Defendants regarding Plaintiff's Motion Quash Subpoena. In particular, Plaintiff's counsel attempted to resolve this dispute by a telephone conference call with counsel for Defendants Linda Adeniji on January 31, 2022, and follow-up written communications with Ms. Adeniji on February 2 and 4, 2022.

EMPLOYEE & LABOR LAW GROUP
OF KANSAS CITY, LLC

By: /s/Kristi L. Kingston
Kristi L. Kingston, KS Bar No. 19126
12920 Metcalf Avenue, Suite 180
P.O. Box 25843
Overland Park, KS 66225
Ph: (913) 286-5200
Fax: (913) 286-5201
Email: kristi@elgkc.com

**ATTORNEY FOR PLAINTIFF**

1

# EXHIBIT F