# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD BAKER,

     Plaintiff,

     v.                                                        Case No. 21-2145-EFM-ADM

MISSION CHATEAU, L.L.C., et al.,

     Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff Ronald Baker's ("Baker") Motion to Quash Subpoena.  (ECF 32.)[1]  Baker asks the court to quash a subpoena duces tecum that Defendants Mission Chateau, L.L.C., Tutera Senior Living & Health Care, L.L.C., Tutera Health Care Services, L.L.C., and Tutera Group, Inc. (collectively, "defendants") noticed for service on Baker's former employer, Oasis AHR, LLC ("Oasis").  As explained below, the court will grant the motion to quash because defendants have not established the relevance of the documents sought.

## I.  BACKGROUND

This race-discrimination lawsuit arises from Baker's employment as a certified medication aide at Mission Chateau, L.L.C. ("Mission Chateau"), a residential senior community.  Baker worked at Mission Chateau from September 25, 2019, until his employment was terminated on

---

[1] Because the subpoena demanded compliance in Des Moines, Iowa, Baker filed his motion in the District Court for the Southern District of Iowa pursuant to Federal Rule of Civil Procedure 45(d)(3)(A).  The Southern District of Iowa transferred the motion to this district under Rule 45(f). (ECF 31.)

April 30, 2020.  He seeks damages in the form of back pay from the termination date until May 2021, when he obtained a job paying more than he earned at Mission Chateau.

Defendants deposed Baker on November 10, 2021.  During the deposition, Baker testified that he had a prior felony conviction that he had not disclosed when he applied for the job with Mission Chateau.  Defendants asserted that they had not previously known this information and amended their answer to assert an after-acquired-evidence defense.  By way of this defense, defendants assert that they did not know of Baker's felony conviction during his employment and, if they had, they would have terminated his employment upon learning the information.

On January 25, 2022, defendants filed a notice of issuance of subpoena to Oasis, Baker's next employer after he left Mission Chateau.  (Baker has since left Oasis and is employed by Zack Group.)  The subpoena seeks "(d)ocuments related to the employment of Ronald Baker, including, but not limited to, any and all documents regarding Baker's application for employment, any representations Baker made about the reasons for leaving his previous employment, any representations Baker made about his criminal history, all background checks submitted and completed for employment and license renewal applications."  (ECF 32-5, at 12.)  Baker now objects to the subpoena on the ground that it seeks documents that are not relevant to any claims or defenses in this action.

## II.    BAKER'S STANDING TO CHALLENGE THE SUBPOENA

As an initial matter, the court must consider whether Baker has standing to object to a subpoena issued to Oasis, a non-party.[2]  Generally, a motion to quash a subpoena must be made

---

[2] Defendants do not contest Baker's standing.  Nonetheless, it is a threshold matter that the court must address in order to determine whether the court must resolve Baker's substantive objections to the subpoena.

by the party to whom the subpoena is directed unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter of the documents requested therein. *See Clark v. Newman Univ., Inc.*, No. 19-1033-JWB, 2021 WL 3286639, at *4 (D. Kan. Aug. 2, 2021); *Warkins v. Piercy*, No. 16-mc-216-CM, 2016 WL 7188284, at *3 (D. Kan. Dec. 12, 2016); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003).

Baker asserts a personal interest in the documents sought from Oasis because they are his own employment and licensing records. These are the types of party-specific, personal records that courts in this district have concluded give rise to a personal right or privilege. *See, e.g., Furr v. Ridgewood Surgery & Endoscopy Ctr., LLC*, No. 14-1011-RDR, 2014 WL 6472885, at *2 (D. Kan. Nov. 18, 2014) (finding a personal right concerning information about movant's prior harassment complaints that could be found in an employment-personnel file); *Patel v. Snapp*, No. 10-2403-JTM, 2013 WL 5876435, at *2 (D. Kan. Oct. 31, 2013) (finding a privacy interest in movant's personal financial affairs); *Harroald v. Triumph Structure-Wichita, Inc.,* No. 10-1281-JAR, 2011 WL 2118648, at *2 (D. Kan. May 27, 2011) (holding plaintiff had standing to challenge subpoena to former employer seeking employment application and personnel file); *Zhou v. Pittsburg State Univ.*, No. 01-2493-KHV, 2002 WL 1932538, at *1 (D. Kan. July 25, 2002) (finding a personal right with respect to the EEOC's investigative file relating to the movant's charge of discrimination). *See also Schumacher v. Hardwoods Specialty Prod., US, LP,* No. 18-4130-HLT, 2019 WL 4689459, at *2 (D. Kan. Sept. 26, 2019) (noting standing was not challenged where defendant moved to quash subpoenas instructing non-parties to produce his employment records and going on to decide the motion). The court is therefore satisfied that Baker has standing to bring this motion to quash the subpoena.

### III.     RELEVANCE OF THE INFORMATION SOUGHT

A party may issue a subpoena to a non-party under Federal Rule of Civil Procedure 45. The rule requires the court to quash or modify a subpoena under certain circumstances, such as where it subjects the subpoenaed entity to an undue burden.  FED. R. CIV. P. 45(d)(3)(A).  Although Rule 45 does not specifically provide for a relevance objection, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)."  *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (citing Rule 45(d)(1) advisory committee notes to the 1970 amendment); *see also Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981); *Carter v. Spirit AeroSystems, Inc.*, No. 16-1350-EFM, 2018 WL 6249991, at *1 (D. Kan. Nov. 29, 2018).  To that end, Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment to Rule 26); *Lonquist Field Serv., LLC v. Sorby*, No. 21-1035-KHV, 2021 WL 4967041, at *9 (D. Kan. Oct. 26, 2021) (same).

Defendants assert that the documents they seek via the Oasis subpoena (*i.e.*, Baker's employment application, documents regarding his statements about his reasons for leaving Mission Chateau and his criminal history, and background checks for employment and license

renewal applications) are relevant to defendants' after-acquired-evidence defense[3] and to Baker's credibility. Even construing relevance broadly, defendants have not supported these arguments.

The after-acquired-evidence defense limits an employee's remedies "if an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the 'wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of discharge.'" *Medlock v. Ortho Biotech, Inc.,* 164 F.3d 545, 554 (10th Cir. 1999) (quoting *McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 360 (1995)). To support this defense, defendants argue they are entitled to "seek documents that could bear on Plaintiff's conduct prior to Mission Chateau discharging him."[4] (ECF 40, at 7.) But that argument is inapposite here because Oasis was Baker's *subsequent* employer—*i.e.*, after he left Mission Chateau. And defendants have not articulated how what Baker told his *subsequent* employer and what Oasis did with that information could bear on Baker's *pre*-termination conduct.

There is no dispute that Baker failed to disclose his criminal history on his application for employment with Mission Chateau. Baker admitted this fact during his deposition in response to

---

[3] Baker spends much of his brief explaining why the after-acquired-evidence defense is "not viable" in this case. (ECF 32, at 7.) But the court does not address that question today. For purposes of the current motion, it is sufficient that this defense is now in the case because defendants assert it in their Amended Answer. (ECF 16.)

[4] Defendants specifically state they are not seeking documents from Oasis that could reveal *post*-termination wrongful conduct. (ECF 40, at 6-7.) Thus, the court does not consider the question left open by the Tenth Circuit of whether post-termination conduct (such as, for example, misrepresentations made on subsequent employment applications) could provide a basis for limitations on Baker's relief. *See Medlock,* 164 F.3d at 555 (noting that "we do not foreclose the possibility that in appropriate circumstances the logic of *McKennon* may permit certain limitations on relief based on post-termination conduct"); *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1205 (10th Cir. 2015) ("Federal courts disagree regarding whether post-termination conduct can ever curtail an employee's right to front pay, reinstatement, or back pay. . . . But we need not address that broader legal question here.").

questions from defense counsel.  (ECF 41-2.)  Defendants now argue that the documents sought from Oasis could reveal additional wrongdoings by Baker that he failed to disclose on his Mission Chateau application.  (ECF 40, at 6-7.)  Although the relevance standard is construed broadly, defendants stretch it too far.  Defendants do not suggest, and the court cannot conceive of, what sort of additional, pre-termination wrongdoing the Oasis documents reasonably might be expected to reveal.  The court declines to allow a fishing expedition of an employee's subsequent job-application material based on "the possibility" (*id.* at 6), however unlikely, that it could reveal material wrongdoing by the employee years earlier.

Defendants attempt to bolster their relevance argument by asserting that Baker's credibility is in question.  They cite, without discussion, *Harroald v. Triumph Structure-Wichita, Inc*., in which the court accepted the defendant's argument that the plaintiff's credibility was at issue based on misrepresentations she made on her employment application, and found information sought from the plaintiff's prior employers to be relevant to her credibility.  2011 WL 2118648, at *3. The court might find *Harroald* to be more persuasive if Baker's credibility truly was in question here.  But the court has carefully reviewed the transcript of Baker's deposition.  Defense counsel asked Baker about the fact that he had not reported a 2001 misdemeanor-theft conviction and a 2005 felony-theft conviction on his Mission Chateau employment application.  (ECF 41-2.)  Baker candidly acknowledged the omissions and explained that he did not believe he needed to disclose the convictions when he applied to work for Mission Chateau because the convictions were "old cases" that he thought had been expunged from his record.  (*Id.* at 1-2.)  Indeed, the convictions occurred 14 and 18 years prior to Baker's 2019 application.  Given Baker's candid deposition testimony and explanation, the court does not see any issue about Baker's credibility on this point, and defendants have not articulated any cogent reason to doubt his credibility or believe that

records from his next employer would somehow undermine his explanation. Because defendants have not shown that the documents sought could bear on Baker's credibility, the court does not find them to be relevant in this regard. *See, e.g.*, *Martin v. Grp. 1 Realty, Inc.,* No. 12-2214-EFM, 2013 WL 3322318, at *5 (D. Kan. July 1, 2013) (recognizing *Harroald* "did not discuss relevance as to the specific individual categories of documents sought" from prior employers and limiting the subpoenas therein to categories of documents that the defendant had actually established were relevant to plaintiff's credibility).[5]

Finally, the court also finds defendants' argument that Baker's deposition testimony "opened the door" to discovery about his subsequent employment applications (ECF 40, at 5) to be without merit. During the deposition, Baker simply answered questions posed by defense counsel. (ECF 41-2.) He did not "open the door" by asserting, for example, that Oasis knew of his felony conviction and hired him anyway in an attempt to show that even if defendants had known of the felony conviction they would not have terminated him. The record is clear that defendants, not Baker, were the first to bring Baker's criminal history into the case when they raised it during the deposition and subsequently asserted the after-acquired-evidence defense.

In sum, defendants have not explained how the documents sought from Oasis could bear on, or lead to other information that could bear on, their after-acquired-evidence defense or aid in challenging Baker's credibility. Accordingly, the court finds the evidence sought in the subpoena

---

[5] Though having no impact on the court's decision, the court notes that Baker's argument (ECF 44, at 2) that character evidence generally is *inadmissible* at trial under Federal Rules of Evidence 404(a)(1) and 608(b) is not pertinent to the question of whether such evidence is *discoverable*. The law is clear that evidence need not be admissible to be discoverable. *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 157805, at *1 (D. Kan. Jan. 18, 2022) (quoting Fed. R. Civ. P. 26(b)(1)).

duces tecum noticed for service on Oasis not relevant.  For this reason, Baker's motion to quash is granted.

      **IT IS THEREFORE ORDERED** that Baker's Motion to Quash Subpoena (ECF 32) is granted.

      Dated March 24, 2022, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge